**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
WESLEY N. WAITE, SR.,                              :
                                                   :
                    Plaintiff,                     :
                                                   :          10 Civ. 3439 (RMB) (JLC)
          -against-                                :
                                                   :          **DECISION  & ORDER**
STANLEY F. SCHOENBACH, individually and            :
d/b/a LIFE LINKS LLC, ELAINE USCHER,               :
individually and d/b/a LIFELINKS LLC,              :
LIFELINKS VRI LLC, individually and d/b/a          :
LIFELINKS LLC, LIFELINKS LLC, individually,        :
HEALINC LLC, individually and d/b/a LIFELINKS      :
VRI LLC, HEALINC LLC, individually and d/b/a       :
LIFELINKS VRI LLC, HEALINC TELECOM LLC,            :
individually and d/b/a LIFELINKS LLC, and          :
HEAL INC TELECOM LLC, individually and d/b/a       :
LIFELINKS VRI LLC,                                 :
                                                   :
                    Defendants.                    :
----------------------------------------------------------X


I.       **Background**

         On June 30, 2010, Wesley Waite ("Plaintiff"), filed an amended complaint ("Complaint")

against LifeLinks LLC and Healinc Telecom LLC (collectively, "Defendants") alleging that

Defendants breached the employment contract with him, dated July 17, 2008, by failing to pay

him, among other things, an increase in salary to $200,000.[1]  (Complaint, dated June 30, 2010,

¶¶ 47, 82−83.)  On November 19, 2010, Defendants asserted counterclaims against Plaintiff for,

among other things, breach of contract and tortious interference, alleging that Plaintiff conspired

---

[1]       In an Opinion dated October 29, 2010, the Court dismissed Plaintiff's claims against all
other Defendants named in the Complaint.

with the president of URelay, a competitor of Defendants, to "destroy" Defendants' business. (Ans. to Am. Compl. and Counterclaims ("Counterclaim"), ¶¶ 41, 99−102, 109−116.)

On January 14, 2011, the parties engaged in a six-hour settlement conference before United States Magistrate Judge James L. Cott, to whom this matter had been referred.  During the settlement conference, Defendants presented an email, dated March 18, 2010, from Plaintiff to Thomas Dafnos ("Dafnos"), the President of URelay (the "March 18 Email"), in which Plaintiff allegedly outlined a plan to undermine and prevent Defendants' business from "prevailing."  (Decl. of Christine Carty, dated July 7, 2011 ("Carty Decl."), Ex. A.)  While he now disputes the March 18 Email, at no point during the conference with Judge Cott did Plaintiff raise any concern that the email was unauthentic or fraudulent with the Court.  (Pl. Mem. ¶ 8, Plaintiff's Affidavit, ("Pl. Aff.") ¶ 3, Decl. of Stanley Schoenbach, dated June 30, 2011 ("Schoenbach's Decl."), ¶  4.)  At the conclusion of the conference, the parties reached a settlement, and Judge Cott set forth the terms of the settlement agreement on the record and directed the parties to memorialize the terms of the agreement in writing.  (Settlement Tr., dated Jan. 14, 2011, at 2:8−12, 9:7−11.)

On January 25, 2011, this Court issued an order of discontinuance having been apprised of the settlement.

On August 5, 2011, Magistrate Judge Cott issued a thorough Report and Recommendation ("Report") recommending that the Court deny Plaintiff's May 2, 2011 motion to set aside the settlement agreement and grant Defendants' July 7, 2011 motion to enforce the settlement agreement because, among other reasons: (1) Plaintiff has presented no evidence that Defendants themselves "fabricated the email, nor . . . that Defendants knew that another party had fabricated the email," and "Plaintiff has not demonstrated justifiable reliance on the email in

settling his case"; (2) Plaintiff has not established " that the contested e-mail was inauthentic, nor

. . . that he believed it to be authentic during the settlement conference"; and (3) the settlement

agreement is enforceable because, although "no single factor is decisive," Ciarramella v.

Reader's Digest Ass'n, Inc., 131 F.3d 320, 323 (2d Cir. 1997), "the oral settlement agreement

satisfies at least three of the four [factors]" that the Second Circuit considers when determining

whether such an agreement is enforceable,  (Report, dated Aug. 8, 2011, at 7−9, 15 (citing

Winston v. Mediafare Ent'mt Corp., 777 F.2d 78, 80 (2d Cir. 1985)).) [2]

      **For the reasons set forth below, the Court adopts the Report in its entirety.**

**Plaintiff's motion to set aside the settlement agreement is denied, and Defendants' cross-**

**motion to enforce the settlement agreement is granted.**

## II.      Standard of Review

      "The Court may accept, reject, or modify, in whole or in part, the findings or

recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P.

72(b).  "To accept the report and recommendation of a magistrate, to which no timely objection

has been made, a district court need only satisfy itself that there is no clear error on the face of

the record."  Cobalt Multifamily Investors I, LLC v. Bridge Capital (USVI), LLC, No. 06 Civ.

5738, 2007 U.S. Dist. LEXIS 66349, at *2−3 (S.D.N.Y. 2007) (quoting Nelson v. Smith, 618 F.

Supp. 1186, 1189 (S.D.N.Y. 1985)).

## III.     Analysis

      The facts and procedural history set forth in the Report are incorporated herein by

reference.  Having conducted a review of, among other things, the Complaint, Plaintiff's motion,

Defendants' cross-motion, the Report, and applicable legal standards, the Court finds that the

---

[2]      "No single [Winston] factor is decisive, but each provides significant guidance."
Ciaramella, 131 F.3d at 323.

Report is not clearly erroneous.  See Schlaifer Nance & Co. v. Estate of Warhol, 119 F.3d 91 (2d Cir. 1997).

**(1) Fraud**

Judge Cott concluded that Plaintiff "cannot prevail on his theory of fraud" because he does not provide "clear and convincing evidence [that] Defendants knew the email was fraudulent at the time of the settlement conference."  (Report at 8); see Banque Arabe et Internationale d'Investissement v. Md. Nat'l Bank, 57 F.3d 146, 153 (2d Cir. 1995).  Judge Cott also concluded that Plaintiff opted to settle notwithstanding any misgivings he may have had regarding the March 18 Email.  (Report at 8−9.)  As Judge Cott also noted, Plaintiff fails to acknowledge two other documents which were also discussed at the settlement conference, i.e. a letter dated June 3, 2010 and an email dated June 30, 2010, both referring to Plaintiff "working . . . behind the scenes" to undermine Defendants' company.   (Report at 9 n.4, Pl. Mem. ¶ 14, Carty Decl., Exs. B,C.)

**(2) Mutual Mistake**

Judge Cott concluded that Plaintiff does not demonstrate that both parties shared a similar mistaken belief as to the authenticity of the email.  (Report at 10; see  Yurman Designs, Inc. v. Garden Jewelry Mfg. Corp., No. 99 Civ. 10507, 2003 WL 22047896, at *3 (S.D.N.Y. Aug. 29, 2003); see also Loewenson v. London Mkt. Cos., 351 F.3d 58, 61 (2d. Cir. 2003).)

**(3) Enforceability**

Judge Cott concluded that "Defendants are entitled to an order enforcing the agreement" because the oral settlement agreement satisfied at least three of the four Winston factors, including (1) there was no "express reservation of the right not to be bound in the absence of a writing"; (2) "all of the terms of the alleged contract have been agreed upon"; and (3) "the

settlement agreement made on the record is not the type of contract that is usually committed to writing." Judge Cott also found "the parties' expressed intention was to be bound by the agreement set forth on the record." (Report at 15 (quoting Winston, 777 F. 2d 78, 80 (2d Cir. 2005)).)

## IV.    Conclusion and Order

For the reasons stated herein and therein, the Report is adopted in its entirety.  Plaintiff's motion [#31] is denied, and Defendants' cross-motion [#38] is granted.  As the Report concludes, the Plaintiff is entitled to payment of $8,500, together with interest calculated under N.Y.C.P.L.R. §§ 5001−5004.  The Clerk of Court is respectfully requested to close this case.

Dated: New York, New York
       December 16, 2011

RICHARD M. BERMAN, U.S.D.J.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED:  12/16/11